# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs November 15, 2011

## STATE OF TENNESSEE v. DOYLE EVERETTE HANEY

**Appeal from the Circuit Court for Cocke County**
**No. 00215      Ben W. Hooper, II, Judge**

_____

**No. E2010-02149-CCA-R3-CD - Filed January 25, 2012**

_____

The defendant, Doyle Everette Haney, appeals his Cocke County Circuit Court jury convictions of sale of .5 grams or more of cocaine and delivery of .5 grams or more of cocaine for which he received concurrent sentences of 30 years' incarceration as a career offender. In addition to contesting the sufficiency of the evidence to support his convictions, the defendant argues that the State failed to comply with discovery requirements, that juror misconduct infected his trial, and that the trial court erred at sentencing. Although not raised by the defendant, we determine that the trial court erred by failing to merge the jury verdicts into one judgment of conviction. On remand, the trial court shall enter a single judgment of conviction indicating the merger of the jury's verdicts, and the judgment in count two shall be vacated.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed as Modified; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Candice K. Mendez, Dandridge, Tennessee (on appeal); and A. Philip Lomonaco, Knoxville, Tennessee (at trial), for the appellant, Doyle Everette Haney.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James B. Dunn, District Attorney General; Joe C. Crumley and W. Brownlow Marsh, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On August 4, 2006, Tennessee Bureau of Investigation (TBI) Drug Division Assistant Special Agent Jim Williams monitored a controlled purchase of crack cocaine from

the defendant by an undercover TBI agent, Teresa Woodward, and a confidential informant, Jacquelyn Dalton. Assistant Special Agent Williams assisted in briefing and debriefing Special Agent Woodward and Ms. Dalton, and he also recorded and monitored the transaction via transmitters placed on both women.

Special Agent Teresa Woodward testified that Ms. Dalton contacted the defendant via telephone to arrange the purchase of "an eight-ball" of crack cocaine. The defendant directed Special Agent Woodward and Ms. Dalton to meet him at his Cocke County residence. Upon their arrival, Rita York walked to the passenger's side of the car and spoke briefly to Ms. Dalton before going into the home. The defendant and Steve Allen then walked outside to the car. When Ms. Dalton asked the defendant if he had the crack cocaine with him, he invited the women inside the home for the purchase.

Special Agent Woodward and Ms. Dalton followed the defendant and Mr. Allen through the home to an adjacent garage. The defendant produced a "baggie" of crack cocaine from a pocket of his cargo pants. Special Agent Woodward saw the defendant count out six "rocks" to give Ms. Dalton in exchange for $80. The defendant then gave Special Agent Woodward five "rocks" in exchange for $70.

TBI Special Agent Sharon Norman's analysis confirmed that the "rocks" were 1.5 grams of crack cocaine.

Following a *Momon* colloquy, *see Momon v. State,* 18 S.W.3d 159, 161-62 (Tenn. 1999), the defendant elected not to testify. The jury convicted the defendant, as charged, with sale of .5 grams or more of cocaine and delivery of .5 grams or more of cocaine. At sentencing, the parties agreed that the defendant qualified as a career offender, and the trial court imposed concurrent sentences of 30 years' incarceration for both convictions.

On appeal, the defendant contends that the evidence is insufficient, that the State failed to provide timely discovery of the surveillance tape, that juror misconduct infected the trial, and that the trial court erroneously sentenced him as a career offender. The State urges this court to deem each issue waived. We will address each issue in turn along with the State's specific waiver arguments.

*Sufficiency of the Evidence*

We review the defendant's claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

-2-

beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.*. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id*.

The defendant argues that the evidence is insufficient to support the defendant's convictions because, he claims, "Ms. Dalton had been romantically involved with [him] in the past, and there were several other persons in the home at the time of the alleged offense." The State correctly notes that the defendant failed to cite properly to the record. For this reason, we could deem this issue waived. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived"). Nevertheless, we determine that the evidence is sufficient to support the defendant's convictions. Special Agent Woodward testified that the defendant himself sold the crack cocaine. We discern no paucity in the evidence.

We do, however, note that the trial court failed to merge the convictions at sentencing. Tennessee Code Annotated section 39-17-417 provides that sale and delivery of illegal drugs are alternate theories of the same offense. As such, "the law precludes convictions for both the sale and delivery of illegal drugs," *State v. Thornton*, 10 S.W.3d 229, 238 (Tenn. Crim. App. 1999), and the trial court should have merged the verdicts into a single judgment of conviction entailing a single sentence.

*Discovery*

The defendant argues that the State failed to provide timely discovery. Again without citing to the record, the defendant contends that the State did not provide the defendant a copy of the surveillance recording of the controlled buy until the morning of trial. The State notes that when the recording was offered to the defendant for review, the trial court granted the defendant some time to review the recording before beginning the proof of the trial. The defendant at no time objected to the admission of the recording, made

an objection based upon late discovery, or asked for a continuance of the trial. Accordingly, we determine this issue is waived. *See* Tenn. R. Evid. 103(a)(1) ("Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground is not apparent from the context."); Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of the error.").

*Juror Misconduct*

Next, the defendant argues that juror misconduct occurred when one juror failed to disclose her association with the defendant when asked during voir dire. Again, the State correctly notes that the defendant failed to make appropriate citations to the record in support of this argument. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived"). Furthermore, from our review of the evidence presented at the motion for new trial hearing, we discern that the juror did in fact disclose that her granddaughter had been associated with the defendant, although the juror was not fully aware of the nature of the defendant's relationship with her granddaughter. The juror also affirmed that she did not know the defendant. Under these circumstances, we determine this issue to be lacking in merit.

*Sentencing*

The defendant also makes the broad allegation that he was denied an opportunity to present evidence at his sentencing hearing and that the trial court erroneously sentenced him as a career offender. Again the defendant posits these allegations without proper citation to the record. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived"). Furthermore, the record reflects that the parties agreed at sentencing that the defendant qualified as a career offender and that they "agreed just to announce sentence, thirty years on each case at sixty percent." Under these circumstances, we discern no error in the trial court's sentencing determination. *See* Tenn. R. Evid. 103(a)(1) ("Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground is not apparent from the context."); Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of the error.").

*Conclusion*

Sufficient evidence supports the defendant's convictions, and the trial court committed no other error based upon the allegations raised by the defendant on appeal. The trial court, however, failed to merge the defendant's convictions of sale and delivery of cocaine into a single judgment of conviction. Accordingly, we remand the case and direct the trial court to enter a judgment reflecting merger of the convictions. To effectuate properly the merger of the convictions, the trial court shall vacate the judgment in count two and note the jury's verdict of sale and delivery of .5 grams or more of cocaine in a single judgment sentencing the defendant to 30 years as a career offender.

_____
JAMES CURWOOD WITT, JR., JUDGE